IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALICIA W. O/B/O J.L.S., a minor,

           Plaintiff,

vs.

ANDREW M. SAUL,[1]
Commissioner of Social Security
Administration,

           Defendant.

Case No. 18-CV-399-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health &*

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Andrew M. Saul, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's April 16, 2015, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held May 1, 2017. By decision dated July 13, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 31, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff[3] was an adolescent on the date of the ALJ's denial decision. He claims to meet the definition of disability as a result of an abnormal developmental bone deformity of the left tibia and fibula resulting in leg length discrepancy, status post osteotomy with external fixation, and status post tibia/fibula epiphysiodesis.

## Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity. If not, the next consideration is whether the child has a "severe" mental or physical impairment. A "severe" impairment is one that causes more than minimal functional limitations. If a "severe" impairment is identified, the claim is reviewed to

---

[3] The child claimant is referred to herein as Plaintiff.

determine whether the child has an impairment that: 1) meets, medically equals, or functionally equals the listings of impairments for children;[4] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I).

## The ALJ's Decision

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also found that Plaintiff does not

---

[4] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

3

have an impairment or combination of impairments that functionally equals the severity of the listings.  In particular, the ALJ found that Plaintiff has no limitation in the domain of acquiring and using information; no limitation in attending and completing tasks; no limitation in interacting and relating with others; less than marked limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and no limitation in health and physical well-being.  The ALJ therefore determined that Plaintiff is not disabled as defined in the Social Security Act.

### Plaintiff's Allegations

Plaintiff asserts that the ALJ's findings on the six domains of functional equivalence are not supported by substantial evidence, and the ALJ failed to perform a proper analysis of the consistency of the allegations with the medical records.

### Analysis

#### Consistency of Allegations With the Record

Plaintiff testified at the hearing that he was in the 6th grade and never repeated a grade.  He plays basketball and video games, but was not able to play football last year, due to surgery.  [R. 21, 60-61].  Plaintiff's mother testified that Plaintiff's grades were good, he had never been on an Individualized Education Plan (IEP), he is on no medications, does not use an assistive device and has no restrictions from the doctor.  Further, Plaintiff can pretty much do what he wants and has no problem riding a bike or reading.  [R. 21, 46, 49, 50, 57].  The ALJ noted the contents of a Function Report completed by Plaintiff's mother and dated April 16, 2015 that stated Plaintiff had no

limitations in his ability to communicate or progress in learning, no impairment that affected his behavior with other people, no limitation in his ability to help himself or cooperate with others in taking care of his personal needs, and no limitation in the ability to pay attention and stick with a task. [R. 21, 199-210]. On that report, Plaintiff's mother also indicated Plaintiff could not throw a ball, use scissors, or work video game controls. [R. 21, 204]. The ALJ noted Plaintiff's contrary testimony that he plays basketball and video games. [R. 21]. The ALJ noted there was no evidence of medical treatment after August 2015. Plaintiff underwent a consultative psychological evaluation on September 12, 2015 where it was reported that Plaintiff did not meet the diagnostic criteria for attention deficit/hyperactivity disorder (AD/HD). [Dkt. 25, 365].

Plaintiff complains that the ALJ did not adequately evaluate the testimony by Plaintiff and his mother, but does not point to any testimony that would support a finding of disability. The undersigned observes that their testimony supports the ALJ's finding that Plaintiff does not meet the criteria for a finding of disability. There is no merit to this allegation of error.

Domains of Functional Equivalence

The record must demonstrate that the ALJ considered all of the evidence. An ALJ is not required to discuss every piece of evidence but in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014)(*quoting Clifton v. Chater*, 79 F.3d 1007,

1009–10 (10th Cir. 1996)(citation omitted)). Plaintiff contends that the ALJ "failed to properly account for and discuss significant uncontroverted, probative evidence in the record that did not support his decision." [Dkt. 23, p. 4]. The undersigned finds there is no merit to this contention.

Findings of limitations in the domains of functional equivalence must be related to a medically determinable impairment. 20 C.F.R. §§ 416.921, 416.924(c). The only medically determinable impairment in the record relates to Plaintiff's leg deformity. A psychological consultative examination was performed. The consultative examiner reported Plaintiff has some issues with attention and focus, but they "are currently not resulting in impairment." [R. 365]. The consultative examiner found the issues do not meet the diagnostic criteria for a diagnosis of ADHD. *Id*. In addition, the examiner noted, "[h]e appears well adjusted and socializes appropriately with peers and adults." *Id*. The record contains no finding of any medically determinable mental or behavioral impairments. The information Plaintiff asserts would change the outcome of the case in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and health and physical well-being is not probative because it does not relate to any medically determinable impairment. The undersigned finds no error in the ALJ's failure to discuss the evidence Plaintiff cites.

Plaintiff's sole medically determinable impairment of a bone deformity, the surgeries connected to that deformity, the need for a heel lift, and a limp relate to the domain of moving about and manipulating objects. Plaintiff states that the ALJ did not

6

consider the information in the Function Report that Plaintiff is not able to walk very good, is unable to run like other kids, and his leg always hurts.[5] [R. 229]. Plaintiff argues that these factors demonstrate a marked, if not extreme limitation in this domain. [Dkt. 23, p. 8].

The information Plaintiff cited is not uncontroverted Plaintiff's mother told the consultative examiner that Plaintiff's bone deformity "does not affect [his] everyday life and results in no impairment." [R. 364]. As previously discussed, the hearing testimony, which the ALJ did discuss, was similar. Plaintiff's mother testified Plaintiff has no problems running, or climbing and can ride a bike. [R. 57]. In addition, he plays basketball and football. The undersigned finds that the ALJ's finding of less than a marked limitation in the domain of moving about and manipulating objects is supported by substantial evidence.

With regard to the domain of caring for yourself, Plaintiff argues that refusal to wear the prescribed heel lift is analogous to a refusal to take medication and indicates a difficulty in caring for himself. Likewise, Plaintiff points to bedwetting and concludes that the ALJ should have found a marked limitation in this domain. To the extent these factors can be viewed as addressing the domain of caring for yourself, they do not demonstrate that the ALJ's conclusion lacks substantial support in the evidence.

---

[5] Plaintiff also states that the ALJ did not consider a teacher's questionnaire that reported he invades others' space and he moves constantly. [Dkt. 23, p. 7]. The teacher's questionnaire does not appear in the record. The information is cited in the evaluations made by state agency reviewers and appears to be from Plaintiff's previous applications for benefits as the reviewers refer to a "TQ" from the 4th grade. Plaintiff's previous applications (decisions 2010 and 2013) were not reopened. [R. 15-16]. In any event, even considering this information, the state agency reviewers found Plaintiff to have less than marked limitations in all domains. [R. 104-105, 116-117].

Recently in *Biestek v. Berryhill*, —U.S. —, 139 S.Ct. 1148 (2019), the United States Supreme Court restated the limits of the court's authority to review the Commissioner's decisions under 42 U.S.C. § 406(g):

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.

*Biestek*, 139 S.Ct. at 1154 (further citation omitted). The Court further stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. According to the Supreme Court, substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (further citation and quotation omitted). The undersigned finds that the ALJ's decision is supported by substantial evidence.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 14, 2020.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 31st day of December, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9